**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
)
)
**MARY COSTELLO (BISHAY) and**                )
**BAHIG BISHAY,**                                          )
)
      **Plaintiffs,**                                    )
)
      **v.**                                               )      **Civil Action No. 13-cv-11424-DJC**
)
**BANK OF AMERICA, N.A. (f/k/a FLEET**      )
**NATIONAL BANK) and MERRILL LYNCH**   )
**CREDIT CORP.,**                                         )
)
      **Defendants.**                                    )
)
_____)

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                    **January 27, 2014**

**I.**     **Introduction**

      Plaintiffs Mary Costello Bishay ("Costello") and Bahig Bishay ("Bishay") (collectively "Plaintiffs") have filed this lawsuit against Bank of America, N.A. (formerly known as Fleet National Bank) ("BANA") and Merrill Lynch Credit Corp. ("Merrill") (collectively "Defendants") seeking a declaratory judgment, injunctive relief and compensatory damages for violations of Mass. Gen. L. c. 93A, breach of the implied covenant of good faith and fair dealing, malicious prosecution and intentional and negligent misrepresentation. D. 2-1 at 8-18. Defendants have moved to dismiss. D. 20. For the reasons stated below, the Court ALLOWS the motion.

1

## II.     Standard of Review

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court will dismiss a complaint or a claim that fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To state a plausible claim, a complaint need not contain detailed factual allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 555.  "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'"  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  "This context-specific inquiry does not demand 'a high degree of factual specificity.'  Even so, the complaint 'must contain more than a rote recital of the elements of a cause of action.'"  García-Catalán, 734 F.3d at 103 (internal citations omitted).  In considering a motion to dismiss, the Court may generally consider only the facts pled in the complaint, though exceptions exist for, inter alia, "matters susceptible to judicial notice." Berkowitz v. Berkowitz, No. 11-10483-DJC, 2012 WL 769726, at *4 (D. Mass. Mar. 9, 2012) (quoting Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005)).

## III.    Factual Background

Plaintiffs reside in Nantucket, Massachusetts in a property (the "Property") that they have owned for nearly thirty years.  Compl., D. 2-1 ¶¶ 1, 4.  In 2004, Sovereign Bank loaned Costello $650,000 secured by a mortgage on the Property.  Id. ¶ 5.  In 2005, Merrill Lynch[1] loaned

---

[1] The complaint refers to Fleet National Bank, BANA and Merrill collectively as "BOA," Bank of America, but the complaint and exhibits elsewhere indicate that that the 2005 financing was actually provided by Merrill.  Compl. ¶ 1, Exh. C.

Costello $250,000, as evidenced by a Home Equity Line of Credit agreement ("HELOC") which was also secured by a mortgage on the Property.  Id. ¶ 6.  As alleged, prior to accepting funds from BANA, Costello explained to BANA that the Plaintiffs planned to repay the loan from funds that Bishay (Costello's husband) expected to recover in a civil action Bishay had brought against Brighton Avenue Associates ("BAA") in Suffolk Superior Court.  Id. ¶ 9.  As a result of this lawsuit, BAA eventually paid Bishay $2,245,000.00 in 2007 and 2008.  Id. ¶ 11.

In 2001, approximately four years before Costello entered into the HELOC, Bishay had been joined in a receivership action pending in Essex Superior Court, in which Fleet National Bank ("Fleet") had intervened in 2003 to resolve a $30,000 dispute.  Id. ¶ 12.  Bishay alleges that his involvement in the receivership proceeding precluded him from accessing the $2,245,000.00 in funds that he had recovered from BAA.  Id. ¶ 13.  Bishay further alleges that Fleet (which later merged with BANA in or about 2004)[2] "fueled" the receivership proceeding, which continued until September 19, 2012.  Id. ¶ 12, Exh. O.

In 2007, Costello stopped making payments on the mortgage.  Id. at Exh. T.  Merrill conducted a foreclosure in 2010.  Id.  BANA agreed to purchase Merrill in 2008, but Merrill was not merged into BANA until 2013.[3]  Plaintiffs continue to occupy the Property and a separate eviction action is currently pending in state court.  Compl. ¶¶ 1 (citing Merrill Lynch v. Costello and Bishay, No. 1288-SU-000029 (Mass. Super. 2013)), 4, 18.

---

[2] The Court takes judicial notice of the fact that BANA merged with Fleet in 2004.  Bank of America Corp., Annual Report (Form 10-K) at 1 (Mar. 1, 2005) and that BANA agreed to merge with Merrill Lynch in 2008 and completed that merger in 2013.  Bank of America Corp., Quarterly Report (Form 10-Q) at 9 (Oct. 30, 2013) and Quarterly Report (Form 10-Q) at 4 (Nov. 6, 2013).

[3] See footnote 2, supra.

IV.    **Procedural History**

Plaintiffs commenced this action in Nantucket Superior Court on May 13, 2013.  D. 2-1 at 18.  Defendants removed the case to this Court on June 13, 2013.  D. 2.  Defendants moved to dismiss the complaint on July 11, 2013.  D. 20.  Plaintiffs moved for a preliminary injunction on August 1, 2013, D. 27, a motion that the Court has previously denied.  D. 36.  The Court heard the parties on the motion to dismiss on December 18, 2013 and took this matter under advisement.  D. 46.

V.    **Discussion**

A.    **Plaintiff's   Claim   for   Declaratory   Judgment   (Count   I)   is Dismissed**

Count I of the complaint seeks a declaratory judgment to determine whether the entity that initiated foreclosure proceedings against Costello (i.e., Merrill) is the same as the entity that "fuel[ed] a receivership action" in which Bishay had become entangled (i.e., Fleet).  Compl. ¶¶ 12, 23.  The gravamen of this claim is Plaintiffs' allegation that Fleet prevented Bishay from repaying Costello's home equity loan from Merrill because a related entity (all eventually merged into BANA) restricted Bishay's ability to access certain funds.  Id. ¶ 12.

Defendants argue that this count does not seek declaratory relief at all, because it does not request that the court declare the legal rights of the party.  D. 21 at 3-4.  The Declaratory Judgment Act allows courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  On the one hand, Defendants are correct that the Court would not be declaring the rights of Plaintiffs by finding facts and thereby "declaring" BANA's corporate structure.  D. 21 at 4.  However, the Court draws all inferences from the complaint in the Plaintiffs' favor at this stage of the litigation, as it must.  See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st

Cir. 2011).  The reasonable inference can be drawn that what these *pro se* Plaintiffs are in fact seeking is a determination of their rights against BANA where two predecessor entities took inconsistent positions against them which is at the crux of their substantive claims against the Defendants.  See <u>Ayala Serrano v. Lebron Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990) (noting that "*pro se* pleadings are to be liberally construed, in favor of the *pro se* party").  That having been said, given that dismissal is warranted for Plaintiffs' substantive claims against BANA, as discussed below, the Court dismisses this count for declaratory judgment as well.  <u>Tyler v. Michaels Stores, Inc.</u>, 840 F. Supp. 2d 438, 452 (D. Mass. 2012) (noting that "dismissal of the underlying claims requires dismissal of the claim for declaratory relief as well") (internal citations omitted); <u>Edlow v. RBW, LLC</u>, No. 09-12133-RGS, 2010 WL 2034772, at *9 (D. Mass. May 21, 2010) (dismissing claim for declaratory judgment as moot after dismissing substantive claims), <u>aff'd</u>, 688 F.3d 26 (1st Cir. 2012).

**B.      Plaintiffs Have Not Pled a Plausible Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III)**

Defendants argue that Plaintiffs have not met their pleading burden as to their claim for breach of the implied covenant of good faith and fair dealing because they fail to allege plausibly that BANA was a party to any contract giving rise to such covenant.  Assuming all the allegations in the complaint to be true, as the Court must at this juncture, Plaintiffs allege that BANA violated the implied covenant of good faith and fair dealing by, as a successor to Merrill and Fleet, seeking to collect a debt from Bishay in an earlier receivership proceeding, unrelated to Costello's indebtedness, but thereby making it impossible for Plaintiffs to repay Costello's HELOC at issue in this case.  Compl. ¶¶ 12-13, 32.   Defendants argue, among other things, that "Plaintiffs' novel attempt to invoke the implied covenant would retroactively create an obligation

on BANA to abandon its separate interest in recovering through the Receivership a lawful judgment unrelated to the HELOC [secured by a mortgage by Costello]."  D. 21 at 7.

The implied covenant of good faith and fair dealing is present in every contract governed by Massachusetts law.  Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 (1991).  The implied covenant makes unlawful conduct by one party to a contract that prevents another party from receiving the fruits of the contract.  Id. at 471-72.  The "purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performances."  Uno Rest., Inc. v. Bos. Kenmore Reality Corp., 441 Mass. 376, 385 (2004).

Even assuming as true, Plaintiffs' allegation that BANA assumed Fleet's status as creditor in the receivership proceedings against Bishay and assumed Merrill's status as mortgagee in the HELOC loan involving Costello (the declaratory relief that Plaintiffs claim in Count I), Plaintiffs have failed to allege the contractual relationship with BANA that gives rise to the claim that such conduct–namely, seeking to collect an unrelated debt in an unrelated matter from an individual, Bishay, who was not a party to the HELOC loan–arises.  Although the Court is aware that, at this stage of pleading, the Court need determine only whether Plaintiffs' claims are "plausible on [their] face," García-Catalán, 734 F.3d at 103 (quoting Iqbal, 556 U.S. at 678), the Court cannot conclude that this standard is met here where the contractual relationship from which the implied covenant alleged to have been breached has not been alleged in the complaint.  To the extent that Plaintiffs are contending that their factual allegations give rise to a claim for breach of the implied covenant arising from Costello's HELOC, now owned by BANA, "[a]rguing that BANA would have to give up its legal claim in the Receivership against [Bishay] in order to preserve its right under the separate HELOC agreement with Costello cannot form the basis for a cognizable claim for relief."  D. 21 at 8.  That is, assuming all of the allegations to be

true, Plaintiffs assert a novel legal claim for which they cite no legal support.  D. 25 at 8-9.  This is particularly true where, even as alleged, Bishay became indebted to Fleet long before Costello incurred her debt on the HELOC; BANA became the successor to Fleet's status in the unrelated receivership action after Fleet had intervened there; and BANA became the successor to Merrill's interest in Costello's debt on the HELOC after the receivership action was underway. Compl. ¶ 12; see footnote 2, supra.   Plaintiffs claim for breach of the implied covenant of good faith and fair dealing therefore fails and Count III is DISMISSED.

### C.     Plaintiffs Have Not Met the Pleading Requirements for Mass. Gen. L. c. 93A (Count II)

Count II alleges unfair or deceptive conduct in violation of Mass. Gen. L. c. 93A. Compl. ¶¶ 26-29.  Defendants make two arguments in support of their motion to dismiss this claim.   First, they argue that Plaintiffs have not identified any conduct falling within the "penumbra of some . . . concept of unfairness."  D. 21 at 4 (quoting Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 37 (1st Cir. 2008)).   Second, Defendants argue that the complaint does not meet the pleading requirements of the statute.  D. 21 at 6.

Addressing the second argument first, "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."  Mass. Gen. L. c. 93A, § 9(3).  This "statutory notice requirement is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'"  Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (quoting Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975)).  The purpose of the demand letter is "to encourage negotiation and settlement" and to "control . . . the amount of damages."  McKenna v. Wells Fargo Bank, N.A., 693 F.3d

207, 218 (1st Cir. 2012) (internal quotation marks and citations omitted).  A demand letter under

93A must make clear that the claim arises under that statute, either through:

> (1) any express reference to c. 93A; (2) any express reference to the consumer
> protection act; (3) any assertion that the rights of the claimants as consumers have
> been violated; (4) any assertion that the defendant has acted in an unfair or
> deceptive manner (G.L. c. 93A, § 2[a]); (5) any reference that the claimants
> anticipate a settlement offer within thirty days (to the contrary, the letter demands
> action within one week, a response which c. 93A, § 9[3], does not require); or (6)
> any assertion that the claimant will pursue multiple damages and legal expenses,
> should relief be denied.

Cassano v. Gogos, 20 Mass. App. Ct. 348, 350 (1985) (opining that "to qualify as a written

demand under c. 93A, a letter must, in addition to defining the injury suffered and the relief

sought, mention at least one of the six factors we have enumerated (or contain some other signal

which will alert a reasonably perceptive recipient")).

In their opposition to the motion to dismiss, Plaintiffs identify an April 24, 2013 letter to

BANA's Chief Executive Officer Brian Moynihan as the demand letter which satisfies this

jurisdictional predicate to suit.  D. 25 at 8.  Plaintiffs have attached this letter to their complaint,

D. 15 at 50-52, and the Court may consider in resolution of the motion.  Watterson v. Page, 987

F.2d 1, 3 (1st Cir. 1993).  The letter contains no express reference to c. 93A, no express reference

to the consumer protection act, no assertion that BANA violated Plaintiffs' rights as the

consumers of BANA, no reference to "unfair" or "deceptive" acts or practices, no reference that

the claimants expected a settlement within thirty days and no assertion that the Plaintiffs will

assert legal expenses or multiple damages.  D. 15 at 50-52.

Certainly there could be an argument that the Plaintiffs' letter describes intentional

conduct of the sort that might potentially run afoul of c. 93A.  However, as "the purpose of the

statutory written demand is to encourage settlements, that objective is not brought closer by

keeping the nature of the action concealed.  Chapter 93A and its vocabulary,–unfair or deceptive,

8

multiple damages, recovery of legal fees–have begun to acquire a certain secondary meaning in the commercial world in this State." Cassano, 20 Mass. App. Ct. at 351.  Accordingly BANA was "without warning that the claimant intended to invoke the heavy artillery of c. 93A." Passatempo v. McMenimen, 461 Mass. 279, 300 (2012) (affirming trial court's dismissal of c. 93A claim where demand letter neither mentioned defendant's name nor identified nor described any unfair or deceptive practice) (quoting Cassano, 20 Mass. App. Ct. at 351); see Reichenbach v. Fin. Research Ctr, Inc., No. 1652, 2006 Mass. App. Div. 10, 2006 WL 279025, at *2 (2006) (dismissing appeal of trial court's decision that demand letter failed to make sufficient reference to c. 93A); Eisenberg v. Gouthro, No. 94-02446, 1995 WL 1146849, at *2 (Mass. Super. Nov. 16, 1995) (dismissing claim on same grounds).  Plaintiffs' failure to reference language with the requisite nexus to c. 93A alone warrants dismissal of Count II.

However, even if Plaintiffs had fulfilled the demand letter prerequisite, they have still failed to allege a plausible 93A claim.  At base, their 93A claim arises from the same set of allegations as the breach of implied covenant of good faith and fair dealing claim.  That is, where each of BANA's predecessors, Fleet and Merrill, had pre-existing claims to unrelated debts from Bishay and Costello, respectively, that it rose to the level of unfair and deceptive acts and practices for BANA to succeed to Fleet's interest in the receivership action against Bishay, thereby making it impossible for Costello to repay her debt to Merrill on the HELOC.  For the reasons stated above in regard to the claim for breach of implied covenant of good faith and fair dealing, dismissal of the c. 93A claim is also warranted on the grounds that, even accepting Plaintiffs' factual allegations as true, they do not state a legally cognizable claim and Plaintiffs cite no legal support for their contention that the pursuit by BANA's predecessors, Fleet and

Merrill, or by BANA as their successors in pursuit of separate, unrelated claims in unrelated litigation constitutes unfair and deceptive acts in violation of c. 93A.

### D.    Counts IV and V Seek Relief that the Court Has Previously Denied

Counts IV and V seek a temporary restraining order and preliminary injunction. Compl. ¶¶ 34-43. These counts seek types of relief and are not independent causes of action. In any event, the Court has addressed Plaintiffs' motion for preliminary relief and denied it. D. 36. Accordingly, these counts are DISMISSED.[4]

### E.    Plaintiffs Have Not Pled the Elements of a Malicious Prosecution Claim (Count VI)

Defendants have asked the Court to dismiss Count VI because Plaintiffs have not pled the elements of this claim. "To prevail on a claim for malicious prosecution, a plaintiff must establish that he was damaged because the defendant commenced the original action [1] without probable cause and [2] with malice, and [3] that the original action terminated in his favor." Chervin v. Travelers Ins. Co., 448 Mass. 95, 103 (2006).

Read liberally, Plaintiffs allege that BANA's involvement in the receivership proceeding and its commencement of the eviction action were malicious. Compl. ¶¶ 45-47. Nevertheless, Plaintiffs have not pled the third of these elements. First, the Plaintiffs have not pled that the

---

[4] Plaintiffs have moved to strike Defendants' motion to dismiss, D. 26, alleging that Defendants failed to include Plaintiffs' motion for a temporary restraining order and preliminary injunction in its state court record. The Court, however, considered Plaintiffs' renewed motion for preliminary relief, D. 27. Accordingly, Plaintiffs have not been prejudiced by any failure by Defendants to include Plaintiffs' motions in their filing of the state court record. In addition, Plaintiffs assert that Defendants failed to properly serve their motion to dismiss. D. 26 at 2. Defendants have indicated that they served Plaintiffs by mail. D. 30 at 2. In any event, Plaintiffs were given access to the CM/ECF system on July 23, 2013. D. 24. Plaintiffs have since responded to the motion to dismiss. D. 25. Accordingly, even if Defendants failed to serve Plaintiffs, Plaintiffs have not been prejudiced. Accordingly, the Court DENIES the motion to strike, D. 26.

eviction action has even terminated, never mind in their favor. As of the date of the complaint and plaintiffs' motion for a preliminary injunction, the eviction action was ongoing, as evidenced by Plaintiffs' request to enjoin it. Id. ¶¶ 34-43; D. 27. As for the receivership action, Plaintiffs appear to plead that an appeal of the disposition of the receivership action is currently pending. Id. ¶ 21. Accordingly, Plaintiffs cannot demonstrate the third element of malicious prosecution as to either the eviction action or the receivership action.

In addition, Plaintiffs have not pled that BANA lacked probable cause in commencing either action. In the context of a civil action, "probable cause" means "a reasonable belief in the possibility that the claim may be held valid." Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 261 (1961). With respect to the eviction action, Plaintiffs concede in their pleading that Costello defaulted on her HELOC loan. Compl. ¶ 28. As to the receivership action, Plaintiffs appear to acknowledge that BANA joined BAA in a receivership action to recover a lawful judgment. Id. ¶ 12. Plaintiffs have, therefore, failed to plead facts plausibly alleging that BANA lacked a reasonable belief in their respective legal positions in either legal proceeding. Plaintiffs' malicious prosecution claim must therefore be DISMISSED.

### F. Plaintiffs Have Not Pled the Elements of Either a Fraudulent or Negligent Misrepresentation Claim (Counts VII and VIII)

Defendants argue that Plaintiffs cannot state claims for either fraudulent or negligent misrepresentation. D. 21 at 11. To plead a claim for fraudulent misrepresentation under Massachusetts law, a plaintiff must plead that "the defendant made a [1] false representation of [2] material fact with [3] knowledge of its falsity [4] for the purpose of inducing the plaintiff to act thereon, and that [5] the plaintiff reasonably relied upon the representation as true and acted upon it to his damage." Taylor v. Am. Chemistry Council, 576 F.3d 16, 31 (1st Cir. 2009) (quoting Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 458 (2002)) (internal quotation

marks omitted).   To assert a claim for negligent misrepresentation in Massachusetts, a plaintiff

must allege that the defendant:

> (1) in the course of his business, (2) supplied false information for the guidance of
> others (3) in their business transactions, (4) causing and resulting in pecuniary
> loss to those others (5) by their justifiable reliance on the information, and that he
> (6) failed to exercise reasonable care or competence in obtaining or
> communicating the information.

Braunstein v. McCabe, 571 F.3d 108, 126 (1st Cir. 2009) (quoting Gossels v. Fleet Nat'l Bank,

453 Mass. 366, 902 (2009)) (internal quotation marks omitted).   Accordingly, both claims

require a showing that Plaintiffs relied on Defendants' representations:   as to the negligent

misrepresentation claim, that the Plaintiffs justifiably relied upon the allegedly false information;

and as to the fraudulent misrepresentation claim, that the Defendants induced Plaintiffs to act and

Plaintiffs reasonably relied upon the information supplied by Defendants as true to their

detriment.

Even assuming *arguendo* that BANA misrepresented its corporate structure to Plaintiffs,

Plaintiffs' misrepresentation claims have not plausibly alleged that they justifiably relied on

same or did so reasonably to their detriment.     Plaintiffs have identified no action they could

have or would have taken had they known BANA's "true" corporate structure.   Similarly, they

have identified no action that they would not have taken had they known same.   Plaintiffs have,

therefore, failed to plead reliance.   Plaintiffs' misrepresentation claim is therefore DISMISSED.

## VI.     Conclusion

For the above reasons, the Court ALLOWS Defendants' motion to dismiss, D. 20, DENIES Plaintiffs' motion to strike, D. 26, and DENIES as moot Plaintiffs' motion to bifurcate, D. 41.[5]

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[5] Even if the Court did not deny the motion to bifurcate as moot, this motion appears to be based upon Plaintiffs' confusion of subject matter jurisdiction and the court's authority to enjoin a state court proceeding, which this Court addressed earlier in its ruling on Plaintiffs' motion for preliminary injunction and their motion to reconsider the denial of that motion.  D. 36, 40.